# OHIO COURT OF APPEALS

### No. 370
### LYNN v. COCHENOUR
Ohio Court of Appeals, Cuyahoga County
No. 4303. April 16, 1923
This opinion has not been published except in Abstract.

**LIFE INSURANCE—(1) Beneficiary under life insurance policy is not liable for creditors' claims against deceased.**

Middleton, P. J., Sayre & Mauck, JJ., 4th Dist. Sitting

SAYRE, J.

Epitomized Opinion

Error to Common Pleas; Its Judgment Affirmed

This was an action brought by an executrix against an insurance company and the beneficiary under an insurance policy to subject the money payable thereunder to the claims of certain creditors. The two policies were $1,000 each and had been taken out by Scott, deceased. The creditors' claims consisted of doctor, funeral and hospital bills, amounting to about $700 or $800. The petition of the executrix set forth the existence of these policies and that the deceased died owing certain debts, and that the proceeds of the policies should be subjected to the payment of these claims. A demurrer was filed by the beneficiary and sustained by the late Judge Neff of the Common Pleas Court of Cuyahoga county. An amended petition was filed setting forth the facts more fully, but without setting forth any new allegations. A motion to strike from the files was made and sustained. Plaintiff prosecuted error to the Court of Appeals. In sustaining the lower court, this court held:

1. Under GC. Sec. 9467 the payment of death benefits is confined to the persons named in the statute, and inasmuch as claims of creditors are not included therein, creditors are not entitled to collect their claims from the beneficiary in the policy.

Attorneys—Baker, Hostetler & Sidlo, for Lynn; Weed, Rothenberg, McMorris & Smith, for Cochenour.

### No. 371
### COOPER RUBBER CO. v. FRITZ
Ohio Court of Appeals, Cuyahoga County
No. 4232. Feb. 19, 1923
This opinion has not been published except in Abstract

**RES IPSA LOQUITUR—(1) Doctrine of, cannot be applied where there are two defendants.**

Epitomized Opinion

Error to Municipal Court of Cleveland; Reversed

Vickery, P. J., Sullivan and Levine, JJ.

PER CURIAM.

Fritz parked his automobile in front of the Rubber Company's establishment and while it was there a truck belonging to the Rubber Company and a street car belonging to the Cleveland Railway Co. came into collision, with the result that Fritz's car was injured. Fritz recovered damages in the lower court and this action is brought to reverse it. Held by the Court of Appeals in reversing the verdict for Fritz:

1. It seems to have been the theory of the court below that the doctrine of res ipsa loquitur applied. The doctrine would certainly apply if there were but one defendant, but when there are two defendants it is possible that one of them was not negligent at all and a verdict against that defendant would be unjust. Case remanded for a new trial with the suggestion that evidence be secured fixing the liability.

Attorneys—W. W. Worline, for Rubber Company; Squire, Sanders & Dempsey, for Cleve. Ry. Co.; M. M. Guzik, for Fritz.

### No. 372
### LEES-BRADNER v. HOFFMAN CASTING CO.
Ohio Court of Appeals, Cuyahoga County
No. 4322. April 9, 1923
This opinion has not been published except in Abstract

**SALES—(1) Burden of proof is on buyer to show that the goods delivered do not conform to the contract—(2) Insufficient evidence to establish non-compliance.**

SULLIVAN, J.

Epitomized Opinion

Error to Cleveland Municipal Court

Judgment Reversed

This was an action for damages for breach of contract. The Hoffman Bronze & Alumnium Casting Co. agreed to furnish the defendant certain metal castings composed of virgin metal. This virgin metal was to correspond, as per the terms of the contract, to certain standards of analyses. The case was tried before Judge Beebe of the Municipal Court and resulted in a verdict for the plaintiff for $1141.24. The defendant prosecuted error to the Court of Appeals upon the ground that there was insufficient evidence to show that the metal used was virgin metal. In reversing the lower court the Court of Appeals held:

1. The burden of proof was upon the plaintiff to show by preponderance of evidence that virgin metal was not used in the manufacture of the castings.

2. As the proof was insufficient to show that the metal used was not virgin metal, the judgment of the lower court must be reversed, as the only witness testifying as to the nature of the metal used showed manifestly and grossly inadequate knowledge on this subject.

Attorneys—M. B. & H. H. Johnson, for Lees-Bradner Co.; Townes & Portman, Contra.

### No. 373
### STAUFFER v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4582. April 9, 1923
This opinion has not been published except in Abstract

**DOMESTIC RELATIONS—(1) State court has no authority to control domestic relations of non-residents unless they reside within this jurisdiction.**

SULLIVAN, J.

Epitomized Opinion

Error to Cuyahoga Common Pleas Reversed

Stauffer, a resident of Indiana, brought suit in an Indiana court against his wife for divorce and custody of his child. During the pendency of this suit the wife fled from Indiana to Cleveland to avoid the unfavorable termination of this suit against her. Learning of this fact, Stauffer came to Ohio and took out a writ of habeas corpus for the child. Subsequently he was indicted in Ohio and tried before Judge Baer of the Common Pleas Court of Cuyahoga county for violating the statute relating to the neglect of a minor child. As Stauffer was convicted, he prosecuted error to Court of Appeals. In reversing the judgment, the Court of Appeal held:

1. The legislature of this state has no power or authority to control the domestic relations of citizens of other states not now residing in this state and who have never resided in this state, or to compel, by law, the performance of any duties or obligations of parents arising from the laws of Ohio, when the legal residence of both parent and child is in another state, especially where a defendant is not responsible for the bringing of said child into this state.

Attorneys—Kruerger & Pelton and Kennedy, for Stauffer; E. C. Stanton, Pros., for State.